Filed 4/23/25  P. v. Merrill CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>　Plaintiff and Respondent,<br><br>v.<br><br>GLENN SHURMAN MERRILL,<br><br>　Defendant and Appellant. | 2d Crim. No. B337880<br>(Super. Ct. No. 23CR08943)<br>(Santa Barbara County) |

　　Glenn Shurman Merrill appeals an order denying his petition to terminate his requirement to register as a sex offender.  (Pen. Code,[1] § 290.5.)  We conclude the trial court erred by denying the petition.  We reverse.

FACTS

　　Merrill has a history of committing acts of indecent exposure.  (§ 314.)  In 1979, he was arrested for indecent exposure.  In 1988, he was convicted of engaging in lewd conduct

_____

[1] All statutory references are to the Penal Code.

in public (§ 647, subd. (a)) and sentenced to 24 months' probation. He was arrested for masturbating in public on Goleta Beach.

On March 2, 2009, Merrill posted an advertisement on Craigslist for a caregiver. A woman went to his residence for the job. Merrill pulled off his pants and exposed his erect penis, began masturbating, and told her she needed to massage his penis.

On March 17, 2009, another woman answered a Craigslist advertisement posted by Merrill. She went to his residence. He was in a wheelchair. He stood up, walked to the front door, and locked it. He exposed his erect penis, and while masturbating he told her if she wanted the job she "would have to massage his penis."

On June 1, 2009, another woman responded to the advertisement. She went to Merrill's residence. While the woman washed his back, he told her to "get some lotion and rub [his] penis." He grabbed his penis and began to masturbate in front of her.

On July 6, 2011, another woman, 18 years old, responded to a Craigslist advertisement for a live-in caregiver. She gave Merrill a sponge bath in bed. He told her to rub oil on his penis. She began to do that, but Merrill ordered her not to stop as he got an erection. She refused and left the premises. He asked her not to contact law enforcement.

When interviewed by law enforcement, Merrill stated he did not instruct her to rub his penis, and "if she did so it was because she was comfortable with the action." Sheriff's deputies determined that Merrill "was in violation of his [section] 290 Registration terms and had failed to register as required." Merrill was 61 years old at that time.

2

The ages of the four women victims were 34, 20, 25, and 18.

In 2010, Merrill pled guilty to three misdemeanor counts of indecent exposure. (§ 314.) He was sentenced to three years' probation and required to register as a sex offender. (§ 290.) On May 17, 2013, Merrill pled guilty to felony indecent exposure. He was sentenced to three years' felony probation.

In 2016, the trial court granted Merrill's request for relief under section 1203.4, but it elected not to terminate his requirement to register as a sex offender.

On December 26, 2023, Merrill filed a petition to terminate sex offender registration. He declared that he had not been arrested or convicted of any additional crimes, he complied with his felony probation requirements, and he obtained "sex offender counseling." He claimed he was elderly, disabled, and "[he would] not commit another offense." The People filed an opposition and presented evidence of Merrill's criminal record, the history of his lewd conduct, and his victims. The trial court denied the petition. Merrill appeals.

## DISCUSSION

### The Petition

In denying the petition, the trial court found "community safety would be significantly enhanced by continued registration." Merrill contends the court abused its discretion by denying his petition.

In deciding the petition for termination of the registration requirement, the trial court must decide "whether community safety would be significantly enhanced by requiring continued registration." (§ 290.5, subd. (a)(3).) In reaching the decision, the court considers a number of factors, including the "facts of the registerable offense"; the "age and number of victims"; whether

3

"any victim was a stranger at the time of the offense"; the "successful completion, if any, of a Sex Offender Management Board-certified sex offender treatment program"; the risk to the public; prior acts; whether the defendant received a score for risk levels on a "SARATSO static, dynamic, and violence risk assessment," etc. (*Ibid*.) The court may consider "other evidence submitted by the parties which is reliable, material, and relevant." (*Ibid*.)

"An appellate court reviews the trial court's ruling on a petition for termination from the sex offender registry for abuse of discretion." (*People v. Thai* (2023) 90 Cal.App.5th 427, 433.) Discretion is abused where the court's decision is "arbitrary, capricious, or patently absurd." (*Ibid*.) The People have the burden to "produce evidence establishing that terminating the registration requirement considerably raised the threat to society." (*Ibid*.)

Here the trial court found that "[s]ection 290.5 does allow the Court to consider the age and the number of victims" ("they were young and there were many"), and whether they were "strangers." The court also found the "relevant criminal and non-criminal behavior before the conviction . . . is disturbing here."

Merrill presented evidence showing that he is elderly and disabled, he has not committed any new offenses, and he has received rehabilitation treatment. It was the People's burden to introduce evidence that Merrill " 'was *currently* likely to reoffend.' " (*People v. Franco* (2024) 99 Cal.App.5th 184, 195.) The People did not produce evidence on that issue. Merrill presented evidence to support his argument that he was "entitled to be removed from the sex offender registry." (*Id*. at pp. 195-196.) The trial court may not solely rely on the "egregious"

4

nature of Merrill's prior offenses when the People fail to present evidence on the likelihood of his reoffending.  (*Id*. at p. 195.)  The People did not meet their burden.  The order denying the petition is reversed.  (*Id*. at p. 196.)

DISPOSITION

The order is reversed.

NOT TO BE PUBLISHED.

GILBERT, P. J.

We concur:

BALTODANO, J.

CODY, J.

5

Pauline Maxwell, Judge

Superior Court County of Santa Barbara

_____

S.R. Balash, Jr. for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Scott A. Taryle and Daniel C. Chang, Deputy Attorneys General, for Plaintiff and Respondent.